MEMORANDUM **
Upon the magistrate judge’s recommendation, the district court imposed terminating sanctions on Defendant Raymond Soderberg under its inherent powers and monetary sanctions on Soderberg’s counsel under 28 U.S.C. § 1927. Soderberg and his counsel appeal. We review these sanctions for abuse of discretion, see Air Separation, Inc. v. Underwriters at Lloyd’s of London, 45 F.3d 288, 291 (9th Cir.1995), and we affirm.
First, the magistrate judge gave Soderberg sufficient opportunity to contest the arrest of his boat. After holding a hearing and receiving supplemental briefing, the magistrate judge entertained Soderberg’s request for yet another hearing, requiring Soderberg to, among other things, file exhibit and witness lists. However, Soderberg failed to meet these preconditions, and the magistrate judge concluded that Plaintiff Henry Michaels established a prima facie case that he held a valid lien on Soderberg’s boat.
Second, the district court did not abuse its discretion in using its inherent powers to impose terminating sanctions on Soderberg. Willful disobedience of a court order may justify terminating sanctions. See Stars’ Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 525 (9th Cir.1997). Twice, Soderberg willfully disobeyed the magistrate judge’s order requiring him to post security under Supplemental Rule E(2)(b). The magistrate judge expressly warned Soderberg that failure to comply with the order to post security could result in a default judgment against him.
Although Soderberg’s disobedience may be excused if his failure to comply with the court’s order was out of his control, see Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir.2003), the district court rejected as not credible Soderberg’s eleventh-hour claim that he could not afford to pay security. This factual finding was not clearly erroneous. See Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir.2006) (“The district court’s factual findings ... are reviewed for clear error.”). Because the district court adequately considered the appropriate factors, see Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), terminating sanctions were within its discretion.
Finally, the district court did not abuse its discretion in sanctioning Soderberg’s counsel under 28 U.S.C. § 1927. The district court adopted the magistrate judge’s conclusion that Soderberg’s counsel took reckless actions that unreasonably and vexatiously multiplied the proceedings. This is all that is required to impose sanctions under § 1927. Fink v. Gomez, 239 F.3d 989, 993 (9th Cir.2001) (“[Recklessness suffices for § 1927”). The record supports the district court’s findings and conclusions that sanctions were justified. Soderberg’s counsel filed numerous frivolous documents and repeatedly violated the local rules, causing Michaels to undertake unnecessary legal expenses. Accordingly, monetary sanctions were within the district court’s discretion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.